SEALED
FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 JUL 22 AM 10: 37
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

APARICIO ENRIQUEZ-CHAVEZ aka "MIKE GUZMAN" aka "BURBERRY BRITT," EDWIN SERGIO OLMEDO-ROSALES, RODRIGO DE LA CRUZ, DAVID E. BROWN-PAZ, TOSHA J. HOWARD, MIGUEL ANGEL MONREAL-PARAMO, and ALEXIS JAYE BACH.

Defendants.

8:26CR141

INDICTMENT

21 U.S.C. § 846
21 U.S.C. § 841(a)(1) and (b)(1)(A)
21 U.S.C. § 853

The Grand Jury charges that:

COUNT 1
(Conspiracy to Distribute Methamphetamine)

Beginning as early as January 1, 2023, and continuing to on or about April 15, 2026, in the District of Nebraska and elsewhere, Defendants APARICIO ENRIQUEZ-CHAVEZ aka "MIKE GUZMAN" aka "BURBERRY BRITT," EDWIN SERGIO OLMEDO-ROSALES, RODRIGO DE LA CRUZ, DAVID E. BROWN-PAZ, TOSHA J. HOWARD, MIGUEL ANGEL MONREAL-PARAMO, and ALEXIS JAYE BACH, did knowingly and intentionally combine, conspire, confederate, and agree together and with other persons to possess with intent to distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

Before APARICIO ENRIQUEZ-CHAVEZ aka "MIKE GUZMAN" aka "BURBERRY BRITT" committed the offense charged in this Count, he had a final conviction for a serious

drug felony, namely a conviction on June 8, 2016, in the Northern District of Georgia in *U.S.A. v. Aparicio Chavez-Enriquez*, 1:14CR 363, for Possession with Intent to Distribute Methamphetamine and Heroin, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before RODRIGO DE LA CRUZ committed the offense charged in this Count, he had a final conviction for a serious drug felony, namely a conviction on October 27, 2014, in the District of Nebraska in *U.S.A. v. Rodrigo Delacruz*, 8:14CR 176, for Possession with Intent to Distribute 5 grams or more of Methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before TOSHA J. HOWARD committed the offense charged in this Count, she had a final conviction for a serious drug felony, namely a conviction on September 12, 2016, in the District of Nebraska in *U.S.A. v. Tosha J. Howard*, 8:16CR16, for Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). In violation of Title 21, United States Code, Section 846.

COUNT 2
(Distribution of Methamphetamine)

On or about August 8, 2025, in the District of Nebraska, Defendant DAVID E. BROWN-PAZ, did knowingly and intentionally distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1)(A).

COUNT 3
(Distribution of Methamphetamine)

On or about November 25, 2025, in the District of Nebraska, Defendant TOSHA J. HOWARD, did knowingly and intentionally distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

Before TOSHA J. HOWARD committed the offense charged in this Count, she had a final conviction for a serious drug felony, namely a conviction on September 12, 2016, in the District of Nebraska in *U.S.A. v. Tosha J. Howard*, 8:16CR16, for Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1)(A).

COUNT 4
(Distribution of Methamphetamine)

On or about December 15, 2025, in the District of Nebraska, Defendant MIGUEL ANGEL MONREAL-PARAMO, did knowingly and intentionally distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1)(A).

COUNT 5
(Possession with Intent to Distribute Methamphetamine)

On or about January 18, 2026, in the District of Nebraska, Defendant ALEXIS JAYE BACH, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1)(A).

COUNT 6
(Possession with Intent to Distribute Methamphetamine)

On or about February 13, 2026, in the District of Nebraska, Defendant RODRIGO DE LA CRUZ, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

Before RODRIGO DE LA CRUZ committed the offense charged in this Count, he had a final conviction for a serious drug felony, namely a conviction on October 27, 2014, in the District of Nebraska in *U.S.A. v. Rodrigo Delacruz*, 8:14CR 176, for Possession with Intent to Distribute 5 grams or more of Methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1)(A).

COUNT 7
(Distribution of Methamphetamine)

On or about April 15, 2026, in the District of Nebraska, Defendant APARICIO ENRIQUEZ-CHAVEZ aka "MIKE GUZMAN" aka "BURBERRY BRITT," did knowingly and intentionally distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

Before APARICIO ENRIQUEZ-CHAVEZ aka "MIKE GUZMAN" aka "BURBERRY BRITT" committed the offense charged in this Count, he had a final conviction for a serious drug felony, namely a conviction on June 8, 2016, in the Northern District of Georgia in *U.S.A.*

*v. Aparicio Chavez-Enriquez*, 1:14CR 363, for Possession with Intent to Distribute Methamphetamine and Heroin, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1)(A).

FORFEITURE ALLEGATION

1. The allegations contained in Counts 1-7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846, conspiracy to distribute and possess with the intent to distribute methamphetamine and/or Title 21, United States Code, 841(a)(1), delivery, distribution and/or possession with the intent to distribute methamphetamine, Defendants APARICIO ENRIQUEZ-CHAVEZ aka "MIKE GUZMAN" aka "BURBERRY BRITT," EDWIN SERGIO OLMEDO-ROSALES, RODRIGO DE LA CRUZ, DAVID E. BROWN-PAZ, TOSHA J. HOWARD, MIGUEL ANGEL MONREAL-PARAMO, and ALEXIS JAYE BACH, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to:

SEALED

a. United States currency in the amount of $1,694.00 seized on or about February 13, 2026, from the possession of Defendant RODRIGO DE LA CRUZ.

3. If any of the property described above, as a result of any act or omission of Defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

In violation of Title 21, United States Code, Section 853.

A TRUE BILL.

________________________________
FOREPERSON

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

________________________________
THOMAS J. KANGIOR
Assistant United States Attorney